STEAGALL, Justice
(dissenting).
The record reveals that on August 2, 1988, Edmond H. Davis, supervisor of the Sales and Use Tax Division of the State Department of Revenue, sent a memorandum to sales tax licensees regarding consumer taxes and State and local sales tax. That memorandum reads, in part:
“This memorandum is to inform you of the acceptable way a retailer should handle sales taxes and consumer taxes. “Code of Alabama 1975, Section 40-23-26, provides in part as follows:
“ ‘(a) Every person, firm, corporation, association or copartnership engaged in or continuing within this state in the business for which a license or privilege tax is required by this division shall add to the sales price and collect from the purchaser on all sales upon the gross receipts or gross proceeds of which there is levied by this division a sales tax at the rate of four percent. ... (also add any local sales tax that might be due)
“ ‘(b) It shall be unlawful for any person, firm, corporation, association or copartnership described in this section to fail or refuse to add to the sales price and collect from the purchaser the amount required by this section to be so added to the sales price and collected from the purchaser; and it shall likewise be unlawful to refund or offer to refund all or any part of the amount collected, or to absorb or advertise directly or indirectly the absorption or refund of the amount required to be added to the sales price and collected from the purchaser, or any portion of such amount. Any person, firm, corporation, association, or copartnership violating any of the provisions of this section shall be guilty of a misdemeanor, and upon conviction shall be fined in a sum of not less than $50.00 nor more than $100.00, or may be imprisoned in the county jail for not more than six months, or may be punished by both such fine and imprisonment, and each act in violation of the provisions of this division shall constitute a separate offense. The provisions of this section that there shall be added to the sale price and collected from the purchaser the amounts provided herein shall in no way relieve the person, firm, corporation, association or copartnership described in this section of the tax levied by this article; nor shall the inability, impracticability, refusal or failure to add to the sales price and collect from the purchaser the amounts provided herein relieve such person, firm, corporation, association or copartnership from the tax levied by this division.’
“The Legislature left no doubt that they intended for the sales tax to be added to the stated selling price with the tax being itemized separately. If a retailer makes a sale of an item and does not add the sales tax as required by law, he is, in effect, indirectly absorbing the sales tax even though he may say the tax is included in the stated selling price.
“It appears that a retailer of a product that has consumer taxes incorporated in the selling price has two options which would insure the correct collection and reporting of the sales tax.
“1. The taxpayer could add the sales tax to the total selling price of the product, including consumer taxes, collect the tax from the customer, and remit the amount collected to the appropriate taxing jurisdiction.
“2. The taxpayer could record or otherwise account for the amount the product sells for (not including consumer taxes), account for the amount of the consumer tax excluding it from the sales price (ring up a nontaxable key) compute the sales tax on the tax *1305 able amount and collect it from the customer. Using this procedure there would be no question as to whether or not tax was collected on consumer tax.”
(Emphasis original.)
Based on this evidence, I would hold that the individual retail defendants were authorized by the State Department of Revenue to collect sales tax on the total selling price of beer, wine, and tobacco products, including any excise taxes incorporated into the price of the goods sold. Because the defendants have remitted these taxes collected to the State Department of Revenue and to the appropriate local revenue authorities, I believe that the plaintiffs’ remedy is against the State Department of Revenue for a tax refund and that the State Department of Revenue is a necessary and indispensable party and should have been made a party to this action. I would remand this case to the trial court with instructions to make the State Department of Revenue a party.
Therefore, I respectfully dissent.
MADDOX and KENNEDY, JJ., concur.